**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| MARTIN ROBLES, | : | |
| | | Civil Action No. 12-6037 (PGS) |
| Petitioner, | : | |
| | | |
| v. | : | **OPINION** |
| | | |
| CHARLES WARREN, | : | |
| *et al.*, | | |
| | : | |
| Respondents. | | |

**APPEARANCES:**

    Petitioner pro se
    Martin Robles
    800259B
    New Jersey State Prison
    PO Box 861
    Trenton, NJ 08625

**SHERIDAN**, District Judge

    Petitioner Martin Robles ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles Warren and Jeffrey Chiesa.

    For the reasons expressed below, and because the Petition as drafted shows that the claims are time barred, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

    However, because this Court cannot rule out the possibility that Petitioner might have valid grounds for statutory and/or

equitable tolling of the instant Petition (which are not set forth in Petitioner's submissions), and he might wish to raise these grounds to show timeliness of his Petition, this Court will grant Petitioner 30 days to file a written statement which sets forth detailed tolling arguments not considered in this Opinion, or otherwise presents an argument that the Petition is not untimely.  This Court will administratively terminate the case at this time for statistical purposes, but will retain jurisdiction over the Petition during this 30-day period and reopen the file to consider Petitioner's arguments in the event that he raises them within this period.

I.   BACKGROUND

According to the petition, Petitioner was convicted of "murder felony, murder, robbery, kidnapping, burglary, possession of a weapon." (Petition, ¶ 4.) His judgment of conviction, entered on July 17, 1998 in the Superior Court of New Jersey, Mercer County, resulted in a life sentence with forty years of parole ineligibility. (Petition, ¶ 2, 3.) The Superior Court of New Jersey, Appellate Division ("Appellate Division") affirmed Petitioner's conviction on March 26, 2004.  (Petition, ¶ 9.) The New Jersey Supreme Court denied Petitioner's petition for certification on June 20, 2004.  Petitioner filed for state post-conviction relief ("PCR") on April 29, 2008.  Petitioner does not

provide any additional dates with regard to his exhaustion of the state court appeals process.

Petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his state court conviction, for filing on September 12, 2012 and it was docketed by the Clerk of the Court on September 20, 2012. He was advised of his rights pursuant to Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000) and did not respond.

## II.  STANDARD OF REVIEW

"Habeas corpus petitions must meet heightened pleading requirements." McFarland v. Scott, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to sua sponte dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4.  Thus, "Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face." McFarland, 512 U.S. at 856. Dismissal without the filing of an answer or the State court

record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985), cert. denied, 490 U.S. 1025 (1989); see also McFarland, 512 U.S. at 856; United States v. Thomas, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

### III.  STATUTE OF LIMITATIONS ANALYSIS

Prior to substantively examining the Petition or ordering an answer, this Court will determine whether the Petition and relevant state court decisions, show that the Petition is time barred. See Day v. McDonough, 547 U.S. 198, 209 (2006) ("we hold that district courts are permitted, but not obliged, to consider, sua sponte, the timeliness of a state prisoner's habeas petition").

In 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1).

The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in

> custody pursuant to the judgment of a State court. The
> limitation period shall run from ...
>     (A) the date on which the judgment became final by
>     the conclusion of direct review or the expiration
>     of the time for seeking such review; ...
> (2) The time during which a properly filed application
> for State post-conviction or other collateral review
> with respect to the pertinent judgment or claim is
> pending shall not be counted toward any period of
> limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending."

A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. See Swartz v. Meyers, 204 F.3d 417, 419 (3d Cir. 2000); Morris v. Horn, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The limitations period is tolled during the time a properly filed application for state post-conviction relief is pending. 28 U.S.C. § 2244(d)(2). An application for state post-conviction relief is considered "pending" within the meaning of § 2244(d)(2), and the limitations period is statutorily tolled, from the time it is "properly filed," during the period between a

lower state court's decision and the filing of a notice of appeal to a higher court, Carey v. Saffold, 536 U.S. 214 (2002), and through the time in which an appeal could be filed, even if the appeal is never filed. Swartz, 204 F.3d at 420-24. Nevertheless, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." Stokes v. Dist. Attorney of the County of Philadelphia, 247 F.3d 539, 542 (3d Cir. 2001).

    Here, from the face of the Petition it is clear that Petitioner allowed much more than the one year period to run during the pendency of his state court post-conviction process. The New Jersey Supreme Court denied Petitioner's petition for certification on June 20, 2004 but Petitioner did not file for state post-conviction relief ("PCR")until April 29, 2008. Yet Petitioner does not make any argument as to why he should be entitled to tolling of the statute of limitations during that time period. Further, Petitioner did not provide any additional dates with respect to his state court post-conviction process, so the possibility exists that Petitioner had allowed further time to elapse subsequent to the resolution of his initial PCR filing before ultimately filing his Petition here.

Petitioner has offered no evidence to show that the matter would not be time-barred.  While a petitioner may be able to overcome this statutory time bar if he or she can show that the limitations period did not expire as determined by this Court, or if he or she can show a basis for equitable tolling, see Fahy v. Horn, 240 F.3d 239, 244 (3d Cir. 2001); Jones v. Morton, 195 F.3d 153, 159 (3d Cir. 1999); Miller v. New Jersey State Dept. of Corrections, 145 F.3d 616, 618 (3d Cir. 1998), Petitioner here has not made such a showing.  "Generally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 416-17 (2005).  The Third Circuit instructs that equitable tolling is appropriate when "principles of equity would make the rigid application of a limitation period unfair, such as when a state prisoner faces extraordinary circumstances that prevent him from filing a timely habeas petition *and* the prisoner has exercised reasonable diligence in attempting to investigate and bring his claims."  LaCava v. Kyler, 398 F.3d 271, 275-76 (3d Cir. 2005).  Mere excusable neglect is not sufficient.  Id.; Miller, 145 F.3d at 618-19; Jones, 195 F.3d at 159.

Extraordinary circumstances permitting equitable tolling have been found where: (1) the petitioner has been actively misled; (2) the petitioner has been prevented from asserting his rights in some extraordinary way; (3) the petitioner timely asserted his rights in the wrong forum, see Jones, 195 F.3d at 159, or (4) the court has misled a party regarding the steps that the party needs to take to preserve a claim, see Brinson v. Vaughn, 398 F.3d 225, 230 (3d Cir. 2005).[1] Even where extraordinary circumstances exist, however, "[i]f the person seeking equitable tolling has not exercised reasonable diligence in attempting to file after the extraordinary circumstances began, the link of causation between the extraordinary circumstances and the failure to file is broken, and the extraordinary circumstances therefore did not prevent timely filing." Brown v. Shannon, 322 F.3d 768, 773 (3d Cir.)(quoting Valverde v. Stinson, 224 F.3d 129, 134 (2d Cir. 2000)), cert. denied, 539 U.S. 948 (2003).

Petitioner has not shown that he exercised reasonable diligence in light of any extraordinary circumstances and has

---

[1] The Third Circuit has expressly held that, in non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes are not the extraordinary circumstances necessary to establish equitable tolling. Johnson v. Hendricks, 314 F.3d 159, 163 (3d Cir. 2002), cert. denied 538 U.S. 1022 (2003); Fahy, 240 F.3d at 244.

shown no basis for equitable tolling. Accordingly, the petition is time-barred and shall be dismissed.

## IV. CERTIFICATE OF APPEALABILITY

The Court next must determine whether a certificate of appealability should issue. See Third Circuit Local Appellate Rule 22.2. The Court may issue a certificate of appealability only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas petition on procedural grounds without reaching the underlying constitutional claim, the prisoner must demonstrate that jurists of reason would find it debatable:  (1) whether the petition states a valid claim of the denial of a constitutional right; and (2) whether the court was correct in its procedural ruling. Slack v. McDaniel, 529 U.S. 473, 484 (2000). "Where a plain procedural bar is present and the district court is correct to invoke it to dispose of the case, a reasonable jurist could not conclude either that the district court erred in dismissing the petition or that the petitioner should be allowed to proceed further." Id. For the reasons discussed above, this § 2254 habeas petition is time-barred. The Court also is persuaded that reasonable jurists would not debate the correctness of this conclusion. Consequently, a certificate of appealability will not be issued.

V.  CONCLUSION

For the reasons set forth above, the Petition must be dismissed.  Petitioner will have 30 days to file a written statement should he be able to offer detailed tolling arguments not considered in this Opinion or otherwise present an argument that the Petition is not untimely.  An appropriate order follows.


                                    s/Peter G. Sheridan
                                    PETER G. SHERIDAN
                                    United States District Judge

Dated:  March 15, 2013

10