UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

---

MARTIN ROBLES,

   Petitioner,

v.

CHARLES WARREN, et al.,

   Respondents.

---

Civil Action No. 12-6037 (PGS)

**OPINION**

RECEIVED

OCT 18 2013

AT 8:30_____ M
WILLIAM T. WALSH
CLERK

**APPEARANCES:**

**MARTIN ROBLES**, Petitioner pro se
800259B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

**SHERIDAN**, District Judge

Petitioner Martin Robles ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles Warren and Jeffrey Chiesa. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

**I. BACKGROUND**

According to the petition, Petitioner was convicted of "murder felony, murder, robbery, kidnapping, burglary, possession of a weapon." (Pet. ¶ 4.) His judgment of conviction, entered on July 17, 1998 in the Superior Court of New Jersey, Mercer County, resulted in a life sentence with forty years of parole ineligibility. (*Id.* at ¶ 2, 3.) The Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction on March 26, 2004. (*Id.* at ¶ 9.) The New

on September 19, 2005. Petitioner did not file his PCR petition until April 29, 2008 well after the statute of limitations expired in September 2005. Thus, statutorily tolling does not make the

instant federal habeas petition timely. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

While statutory tolling does not save the petition, Petitioner may also be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *id.*, and each decision made a case-by-case basis. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone

5

justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively mislead; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

In response to the order to show cause, Petitioner filed a certification in which he states that he was sent to "Added-Segregation" on March 4, 2004 and not released until March 16, 2006. (Pet'r's Cert. ¶ 8, ECF No. 5-1.) While in "Added-Segregation," Petitioner states that he "did not receive no [sic] assistance from paralegal that was assigned to come help inmates that was [sic] housed in this unit, and therefore [he] did not have any help in filing [his] Post Conviction Relief Petition." (*Id.* ¶ 9.) However, this fact alone is not sufficient to warrant equitable tolling since one's pro se status does not excuse a late filing under AEDPA. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169–70 (3d Cir. 2003) (no equitable tolling based on pro se petitioner's confusion regarding law); *James v. Morton*, 195 F.3d 153, 160 (3d Cir.1999) (pro se petitioner's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with statute of limitations"). Moreover, Petitioner states that he was released from "Added-Segregation" on March 16, 2006, yet he failed to file his PCR petition until over two years later. Therefore, even if this Court were to toll the limitations period for the time Petitioner spent in "Added-Segregation," the one year limitations period would have still long since expired

6

by the time Petitioner filed his 2008 PCR petition. As such, Petitioner is not entitled to equitable tolling and his petition is time-barred.

### III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

### IV. CONCLUSION

The instant habeas petition will be summarily dismissed due to untimeliness. A certificate of appealability shall not issue. An appropriate order will be entered.

Dated: 10/18/13

PETER G. SHERIDAN
United States District Judge