# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW JERSEY

MARTIN ROBLES,

        Petitioner,

v.

CHARLES WARREN, et al.,

        Respondents.

Civil Action No. 12-6037 (PGS)

OPINION

**APPEARANCES:**

**MARTIN ROBLES**, Petitioner pro se
800259B
New Jersey State Prison
PO Box 861
Trenton, NJ 08625

RECEIVED
OCT 18 2013
AT 8:30_____M
WILLIAM T. WALSH
CLERK

**SHERIDAN**, District Judge

    Petitioner Martin Robles ("Petitioner"), a prisoner currently confined at New Jersey State Prison, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondents are Charles Warren and Jeffrey Chiesa. For the reasons expressed below, this Court will dismiss the Petition as untimely and deny a certificate of appealability.

## I. BACKGROUND

    According to the petition, Petitioner was convicted of "murder felony, murder, robbery, kidnapping, burglary, possession of a weapon." (Pet. ¶ 4.) His judgment of conviction, entered on July 17, 1998 in the Superior Court of New Jersey, Mercer County, resulted in a life sentence with forty years of parole ineligibility. (*Id.* at ¶ 2, 3.) The Superior Court of New Jersey, Appellate Division affirmed Petitioner's conviction on March 26, 2004. (*Id.* at ¶ 9.) The New

Jersey Supreme Court denied Petitioner's petition for certification on June 30, 2004. *State v. Robles*, 852 A.2d 193 (N.J. 2004). Petitioner filed for state post-conviction relief ("PCR") on April 29, 2008. (Pet. ¶ 11(a)(2)); *State v. Robles*, 2011 WL 5456788, at *1 (N.J. Super. Ct. App. Div. 2011). Petitioner does not provide any additional dates with regard to his exhaustion of the state court appeals process.

Petitioner signed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 on September 12, 2012 and it was docketed by the Clerk of the Court on September 20, 2012. (ECF No. 1.) He was advised of his rights pursuant to *Mason v. Meyers*, 208 F.3d 414 (3d Cir. 2000) (ECF No. 2) and did not respond, thereby indicating his intention to proceed with the petition as-filed. On March 18, 2013, this Court entered an opinion and order dismissing the petition as time-barred, but allowing Petitioner to submit a written statement within thirty days detailing any tolling arguments not considered. (ECF No. 3-4.) Petitioner filed his statement on April 22, 2013. (ECF No. 5.)

## II. ANALYSIS

### A. Legal Standard

"Habeas corpus petitions must meet heightened pleading requirements." *McFarland v. Scott*, 512 U.S. 849, 856 (1994). Habeas Rule 2(c) requires a § 2254 petition to "specify all the grounds for relief available to the petitioner," "state the facts supporting each ground," "state the relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury. 28 U.S.C. § 2254 Rule 2(c). Habeas Rule 4 requires a judge to *sua sponte* dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." 28 U.S.C. § 2254 Rule 4. Thus, "Federal courts are authorized to dismiss summarily any habeas petition that

appears legally insufficient on its face." *McFarland*, 512 U.S. at 856. Dismissal without the filing of an answer or the state court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief." *Siers v. Ryan*, 773 F.2d 37, 45 (3d Cir. 1985). *See also McFarland*, 512 U.S. at 856; *United States v. Thomas*, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").

**B. Analysis**

As discussed in this Court's prior opinion, in 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act ("AEDPA"), which provides that "[a] 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). The limitation period for a § 2254 habeas petition is set forth in 28 U.S.C. § 2244(d), which provides in pertinent part:

> (1) A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of -
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> ...
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this section.

Pursuant to § 2244(d), evaluation of the timeliness of a § 2254 petition requires a determination of, first, when the pertinent judgment became "final," and, second, the period of time during which an application for state post-conviction relief was "properly filed" and "pending." A state-court criminal judgment becomes "final" within the meaning of § 2244(d)(1) by the conclusion of direct review or by the expiration of time for seeking such review, including

3

the 90-day period for filing a petition for writ of certiorari in the United States Supreme Court. *See Swartz v. Meyers*, 204 F.3d 417, 419 (3d Cir. 2000); *Morris v. Horn*, 187 F.3d 333, 337 n. 1 (3d Cir. 1999); U.S. Sup.Ct. R. 13.

The statute of limitations is statutorily tolled during the time in which properly filed state post-conviction relief petition is pending. *See* 28 U.S.C. § 2244(d)(2). The Third Circuit has explained that:

> [a] prisoner's application for state collateral review is "'properly filed' when its delivery and acceptance are in compliance with the applicable laws and rules governing filings[,]" *Artuz v. Bennett*, 531 U.S. 4, 8, 121 S.Ct. 361, 148 L.Ed.2d 213 (2000) (emphasis omitted), including "time limits, no matter their form," *Pace v. DiGuglielmo*, 544 U.S. 408, 417, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005). Thus, if a state court determines that an application is untimely, "'that [is] the end of the matter' for purposes of statutory tolling of AEDPA's limitation period, *id.* at 414 (quoting *Carey v. Saffold*, 536 U.S. 214, 226, 122 S.Ct. 2134, 153 L.Ed.2d 260 (2002)), "regardless of whether it also addressed the merits of the claim, or whether its timeliness ruling was 'entangled' with the merits[,]" *Carey*, 536 U.S. at 226. But if a state court fails to rule clearly on the timeliness of an application, a federal court "must ... determine what the state courts would have held in respect to timeliness." *Evans v. Chavis*, 546 U.S. 189, 198, 126 S.Ct. 846, 163 L.Ed.2d 684 (2006).

*Jenkins v. Superintendent of Laurel Highlands*, 705 F.3d 80, 85–86 (3d Cir. 2013). Furthermore, "the time during which a state prisoner may file a petition for writ of certiorari in the United States Supreme Court from the denial of his state post-conviction petition does not toll the one year statute of limitations under 28 U.S.C. § 2244(d)(2)." *Stokes v. Dist. Attorney of the Cnty. of Phila.*, 247 F.3d 539, 542 (3d Cir. 2001).

Here, the New Jersey Supreme Court denied Petitioner's petition for certification on June 20, 2004 and his conviction became final ninety days later on September 19, 2004. Accordingly, unless the statute of limitations is tolled, the applicable statute of limitations expired a year later, on September 19, 2005. Petitioner did not file his PCR petition until April 29, 2008 well after the statute of limitations expired in September 2005. Thus, statutorily tolling does not make the

4

instant federal habeas petition timely. *See Long v. Wilson*, 393 F.3d 390, 394–95 (3d Cir. 2004) (state post-conviction relief petition had no effect on tolling because the limitations period had already run when it was filed).

While statutory tolling does not save the petition, Petitioner may also be able to overcome the time bar if he can show a basis for equitable tolling. The Supreme Court has stated that, "[g]enerally, a litigant seeking equitable tolling [of the AEDPA statute of limitations] bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." *Pace v. DiGuglielmo*, 544 U.S. 408, 418, 125 S.Ct. 1807, 161 L.Ed.2d 669 (2005); *see also Jenkins*, 705 F.3d at 89. "There are no bright lines in determining whether equitable tolling is warranted in a given case." *See Pabon v. Mahanoy*, 654 F.3d 385, 399 (3d Cir. 2011). In determining whether equitable tolling is appropriate, "the particular circumstances of each petitioner must be taken into account," *id.*, and each decision made a case-by-case basis. *See Holland v. Florida*, 560 U.S. 631, 130 S.Ct. 2549, 2563, 177 L.Ed.2d 130 (2010). The Third Circuit has explained that "equitable tolling is appropriate when principles of equity would make rigid application of a limitation period unfair, but that a court should be sparing in its use of the doctrine." *Ross v. Varano*, 712 F.3d 784 (3d Cir. 2013) (citing *Pabon*, 654 F.3d at 399; *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)).

With respect to the diligence that is necessary for equitable tolling, the Third Circuit stated that:

> The diligence required for equitable tolling purposes is reasonable diligence, not maximum, extreme, or exceptional diligence. *Holland*, 130 S.Ct. at 2565. "This obligation does not pertain solely to the filing of the federal habeas petition, rather it is an obligation that exists during the period appellant is exhausting state court remedies as well." *LaCava v. Kyler*, 398 F.3d 271, 277 (3d Cir. 2005).... The fact that a petitioner is proceeding pro se does not insulate him from the "reasonable diligence" inquiry and his lack of legal knowledge or legal training does not alone

5

justify equitable tolling. *See Brown v. Shannon*, 322 F.3d 768, 774 (3d Cir. 2003).

*Ross*, 712 F.3d 784. Extraordinary circumstances may be found where: (1) the petitioner has been actively mislead; (2) the petitioner has in some extraordinary way been prevented from asserting his rights; or (3) where the petitioner has timely asserted his rights in the wrong forum. *See Fahy v. Horn*, 240 F.3d 239, 244 (3d Cir. 2001) (citing *Jones v. Morton*, 195 F.3d 153, 159 (3d Cir. 1999)). However, "[i]n non-capital cases, attorney error, miscalculation, inadequate research, or other mistakes have not been found to rise to the 'extraordinary' circumstances required for equitable tolling." *Id.* (citations omitted).

In response to the order to show cause, Petitioner filed a certification in which he states that he was sent to "Added-Segregation" on March 4, 2004 and not released until March 16, 2006. (Pet'r's Cert. ¶ 8, ECF No. 5-1.) While in "Added-Segregation," Petitioner states that he "did not receive no [sic] assistance from paralegal that was assigned to come help inmates that was [sic] housed in this unit, and therefore [he] did not have any help in filing [his] Post Conviction Relief Petition." (*Id.* ¶ 9.) However, this fact alone is not sufficient to warrant equitable tolling since one's pro se status does not excuse a late filing under AEDPA. *See, e.g., Merritt v. Blaine*, 326 F.3d 157, 169–70 (3d Cir. 2003) (no equitable tolling based on pro se petitioner's confusion regarding law); *James v. Morton*, 195 F.3d 153, 160 (3d Cir.1999) (pro se petitioner's "misunderstanding of the exhaustion requirement is insufficient to excuse his failure to comply with statute of limitations"). Moreover, Petitioner states that he was released from "Added-Segregation" on March 16, 2006, yet he failed to file his PCR petition until over two years later. Therefore, even if this Court were to toll the limitations period for the time Petitioner spent in "Added-Segregation," the one year limitations period would have still long since expired

by the time Petitioner filed his 2008 PCR petition. As such, Petitioner is not entitled to equitable tolling and his petition is time-barred.

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." Miller–El v. Cockrell, 537 U.S. 322, 327, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003). Applying this standard, the Court finds that a certificate of appealability shall not issue in this case.

## IV. CONCLUSION

The instant habeas petition will be summarily dismissed due to untimeliness. A certificate of appealability shall not issue. An appropriate order will be entered.

Dated: 10/18/13

PETER G. SHERIDAN
United States District Judge